STATE v. BURGE

[100 N.C. App. 671 (1990)]

———————

STATE OF NORTH CAROLINA v. TIMOTHY JOE BURGE

No. 908SC11

(Filed 20 November 1990)

1. **Criminal Law § 169.3 (NCI3d) — exclusion of testimony — admission of similar testimony — absence of prejudice**

Defendant was not prejudiced by the court's refusal to permit a witness to testify that, based upon his personal knowledge of the State's eyewitness, he would not believe him under oath where the witness had previously testified

that in his opinion the eyewitness was a liar and had told him that he would take a bribe to change his testimony.

**Am Jur 2d, Evidence § 256; Witnesses §§ 563, 566.**

**2. Jury § 7.14 (NCI3d)— State's exclusion of black jurors—no racial motivation**

The State's exclusion of six black panelists from the jury that tried defendant for a murder arising out of a purported cocaine transaction was not racially motivated and did not violate defendant's constitutional rights where two of the panelists had brothers who had been charged with cocaine offenses; two others knew defendant's parents and one of his attorneys; one knew two of defendant's witnesses; and the remaining panelist knew defendant's family and both of his attorneys.

**Am Jur 2d, Jury §§ 235, 284.**

**Racial or ethnic prejudice of prospective jurors as proper subject of inquiry or ground of challenge on voir dire in state criminal case. 94 ALR3d 15.**

**Use of peremptory challenge to exclude from jury persons belonging to a class or race. 79 ALR3d 14.**

**3. Criminal Law § 86 (NCI3d)— police use of defendant as informant—exclusion of cross-examination of detective**

The trial court did not err in refusing to permit defendant to cross-examine a detective about the police department's use of defendant as an informant to show that defendant had credibility with the police department where defendant's credibility had not been attacked, since defendant was not entitled to bolster his credibility in advance.

**Am Jur 2d, Witnesses §§ 523, 646.**

**4. Homicide § 21.7 (NCI3d)— second degree murder—sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of second degree murder where an eyewitness testified that, after the victim begged defendant not to kill him, defendant said, "I'm going to kill you anyway" and pro-

STATE v. BURGE

[100 N.C. App. 671 (1990)]

ceeded to do so by deliberately firing a bullet through the victim's skull.

**Am Jur 2d, Homicide §§ 425, 437-439.**

APPEAL by defendant from judgment entered 27 October 1989 by *Judge James D. Llewellyn* in LENOIR County Superior Court. Heard in the Court of Appeals 24 September 1990.

Defendant was convicted of the second-degree murder of Joseph Wayne Coston and sentenced to forty years imprisonment. The State's evidence indicated that on the night of 2 January 1989 a crowd of about 30-40 people was gathered at the corner of Thompson and Quinerly Streets in Kinston. Joseph Wayne Coston drove his van into the neighborhood in order to buy crack cocaine and gave defendant $10 for a bag of what he thought was cocaine but was in reality ground brazil nuts. As Coston started to leave he snatched the $10 from defendant and began to drive away. Defendant grabbed the steering wheel of the van and hung on until he turned the wheel to make the van wreck. He and two others beat and threatened Coston and defendant shot him in the head with a pistol. Before the fatal shot, defendant pulled the trigger once and it did not fire; the second time the pistol fired into Coston's left temple and he died a half an hour later.

Defendant denied firing the gun at all. He admitted pointing the loaded pistol at Coston's chest earlier, but claimed he ran away when someone said the police were coming. He heard three shots and believed that Coston had the gun and was trying to shoot someone.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan, for the State.*

*William D. Spence for defendant appellant.*

PHILLIPS, Judge.

[1] The first error defendant cites is the court's refusal to permit Marcus Jerome Edwards to testify that based upon his personal knowledge of Roy Lee Clark, the State's only eyewitness, he would not believe him under oath. Immediately before that evidence was offered, Edwards testified without objection that in his opinion Roy Lee Clark was a liar and that Clark had told him he would take a bribe to change his testimony. Thus, even if admissible,

and we do not hold that it was, the refused evidence was cumulative and its rejection was not prejudicial.

[2]   Defendant's next contention — that the State's exclusion of six black panelists from the jury that tried the case was racially motivated and a violation of various constitutional provisions — has no support in the record. To prevail on such a contention it must be shown, among other things, that the circumstances of the exclusions raise an "inference of racist motivation," *State v. Sanders*, 95 N.C. App. 494, 498, 383 S.E.2d 409, 412, *disc. rev. denied*, 325 N.C. 712, 388 S.E.2d 470 (1989), and this showing was not made. Instead, the record indicates that the State had sound grounds for excusing all six panelists: Two had had brothers who had been charged with cocaine offenses; one knew two of defendant's witnesses; two others knew defendant's parents and one of his attorneys; and the last one knew defendant's family and both of his attorneys.

[3]   The next error defendant cites is the court's refusal to permit him to cross-examine Detective Flowers about the Kinston Police Department having used defendant as an informant. His purpose was to show by the evidence that defendant had credibility with the police department. But at that time only the State had presented evidence, defendant's credibility had not been attacked, and he was not entitled to bolster it in advance.

[4]   Defendant's contention that the evidence does not support his conviction of second-degree murder is refuted by the testimony of the eyewitness that after Coston begged him not to kill him, defendant said, "I'm going to kill you anyway" and proceeded to do so by deliberately firing a bullet through Coston's skull.

Nor was it error to refuse to charge the jury on the lesser included offenses of voluntary and involuntary manslaughter, as there is no evidence that defendant was guilty of manslaughter. The State's evidence indicates only a deliberate, intentional homicide, while defendant's evidence was that he fled the scene before Coston was shot and killed by somebody else.

Defendant's other contentions — that the court erred in refusing to permit him to cross-examine the State's witnesses as to their knowledge that another person had been indicted for the murder; in refusing to permit both of his lawyers to cross-examine the same witnesses; and in charging the jury on the alleged un-

truthfulness of the State's eyewitness—likewise devoid of legal basis are also overruled.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.